IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EAZS A. HARPER, B83567,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) Case No. 24-cv-1157-DWD |
| **C/O HART,** | ) |
| **C/O BENT,** | ) |
| **NURSE MORGAN,** | ) |
| **ANTHONY WILLS,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Eazs A. Harper, an inmate of the Illinois Department of Corrections (IDOC), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center (Menard). (Doc. 6). In the Complaint and related Motion for a Preliminary Injunction (Doc. 2), Plaintiff alleges that on April 3, 2024, he was severely beaten by staff at Menard, and he claims he has yet to receive needed medical care. The Court allowed Plaintiff to proceed on several claims and directed the Defendants to respond to the Motion for a Preliminary Injunction. (Doc. 8). Defendants have now responded (Doc. 22), and the Court invites a supplemental response from Plaintiff for the reasons explained herein.

## The Complaint

The facts are more fully recounted in the Court's earlier Order (Doc. 8), but a short summary is useful to provide context. On April 3, 2024, Plaintiff was transferred from

Lawrence Correctional Center to Menard.  Upon arrival, he was taken to a caged area where Defendants C/O Bent and C/O Hart allegedly handcuffed him to a gate and sprayed him with two cans of mace or chemical spray.  They sprayed his face, head, upper and lower body, and his anus.  They also kicked and punched his whole body.  Plaintiff alleges that as Bent and Hart escorted him away from the area of the assault, they had to hold him up because he could not stand from the pain, and he was having difficulty breathing due to asthma and bronchitis.  (Doc. 6 at 18).  He alleges they further assaulted him and he was refused medical care.  He was placed in a cell without any amenities, and he was denied his inhaler or the ability to properly wash up from the chemical agents.

Plaintiff claims that to-date, Bent is his 3/11 shift officer and Bent refuses to give him a shower or food.  He also alleges Bent has been stopping his outgoing mail and medical request slips.  He claims Bent has told him he will continue to trash his medical slips.  (Doc. 6 at 21).

## Motion for a Preliminary Injunction

In the Motion for a Preliminary Injunction (Doc. 2), Plaintiff alleges that from the date of the beating (April 3, 2024) until present, he has yet to see a medical professional for his injuries.  Though he initially described the injuries as cuts, swelling, and a broken finger, he has not provided any update on his condition other than to allege he is still in pain from injuries to his "back, hip, right leg, numbness in his right hand on up to his elbow, a broken finger on his left hand, and mace in [his] hair that's cause damage of hair loss."  (Doc. 6 at 20).

The Court limited the scope of the Defendants' response to the Motion as follows: Defendant should address Plaintiff's current medical status, including his requests for care, and any care he has received. The response should also address Plaintiff's proximity to Defendants Hart, Bent, and Morgan. The Court will defer any further action on the Motion (Doc. 2) until Wills responds.

## Defendant's Response (Doc. 22)

In the response, counsel avers that after a thorough review of the cellhouse records, he can confirm that Defendant Bent regularly works on Plaintiff's gallery (North 2, gallery 2). Bent is the door officer, which does not entail regular inmate checks on the gallery but does not guarantee no interaction between the two. (Doc. 22 at ¶¶ 9, 11). Defendant Hart works gallery 8 regularly, which is a few floors above Plaintiff but still does not guarantee no interaction between the two. (*Id.* at ¶¶ 10-11).

Plaintiff saw medical staff for his intake at 5p.m. on April 3, 2024 (the day of the alleged assault), but no physical injuries were observed at that time. (*Id.* at ¶ 14, Doc. 22-1 at 7-8). However, by Plaintiff's account, the assault occurred between 6 and 7p.m. on April 3, 2024. (Doc. 22-2 at 1). Counsel avers that Plaintiff saw an audiologist on April 23, 2024, another outside provider on May 3, 2024, and the dentist in May of 2024. In a grievance response, a prison counselor indicated that Plaintiff's allegations about the April 3, 2024, incident were found unsubstantiated. (Doc. 22-2 at 1).

## Analysis

Given the response provided by counsel, it appears the parties may disagree about central issues. Plaintiff contends that he has not seen anyone for medical care since his

intake on April 3, 2024, which appears to have occurred *before* the alleged assault. Counsel indicated he was seen for two outside appointments and by the dental department, but this appears questionable. The medical records indicate furloughs were *scheduled* on April 23, 2024, and May 3, 2024, but there is no further indication if the furloughs have yet occurred. Additionally, the dental records indicate Plaintiff was scheduled on two days in May, but that security staff did not bring him to the dental unit. Given the discrepancies between Plaintiff's initial representations and Defendant's response, the Court invites Plaintiff to file a supplemental response limited to the issues of his medical care and his ongoing contact with Defendants Bent and Hart.

## Disposition

**IT IS HEREBY ORDERED THAT** a ruling on Plaintiff's Motion for a Preliminary Injunction (Doc. 2) is **DEFERRED**. Plaintiff shall have 21 days, until June 21, 2024, to file a supplemental response about his medical care and his contact with Defendants Hart and Bent.

**IT IS SO ORDERED.**

Dated: May 31, 2024

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge