IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EAZS A. HARPER, B83567,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | Case No. 24-cv-1157-DWD |
| **C/O HART,** ) | |
| **C/O BENT,** ) | |
| **NURSE MORGAN,** ) | |
| **ANTHONY WILLS,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Eazs A. Harper, an inmate of the Illinois Department of Corrections (IDOC), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center (Menard). (Doc. 6). In the Complaint and related Motion for a Preliminary Injunction (Doc. 2), Plaintiff alleges that on April 3, 2024, he was severely beaten by staff at Menard, and he claims he has yet to receive needed medical care. The Court allowed Plaintiff to proceed on several claims and directed the Defendants to respond to the Motion for a Preliminary Injunction. (Doc. 8). Defendants have now responded (Doc. 22), and Plaintiff has filed a supplement (Doc. 24) at the Court's request. Based on the briefs filed, the Court finds it appropriate to set this matter for a hearing limited solely to the issues of Plaintiff's present need for medical care, and his daily exposure to Defendants C/O Bent and C/O Hart.

Specifically, the parties appear to directly disagree about if Plaintiff has received any medical examination or care after the alleged excessive force in the evening hours of April 3, 2024. The Defendants posit that he was seen for intake on April 3, 2024, but based on the timing of the visit noted in the medical records and Plaintiff's allegations, this encounter may have occurred *before* Plaintiff claims he was assaulted.[1] (Doc. 22-1 at 5). The parties also appear to disagree about Plaintiff's recurring contact with his alleged assailants—Defendants Bent and Hart. Defendants claim that Bent is the door officer, which does not entail regular inmate checks on the gallery but does not guarantee no interaction between the two. (Doc. 22 at ¶¶ 9, 11). Defendant Hart works gallery 8 regularly, which is a few floors above Plaintiff but still does not guarantee no interaction between the two. (*Id.* at ¶¶ 10-11). By contrast, Plaintiff claims in his supplement that Bent is actually the 5-day officer on his gallery who is responsible for tasks like opening his cell door, allowing showers, or escorting him to the medical unit. (Doc. 24 at 3). Given the direct conflicts between the parties' positions, the Court now finds is appropriate to set this matter for a hearing.

At this time, the Court will not further entertain Plaintiff's request for a prison transfer, because this is an extremely drastic form of mandatory injunctive relief that is almost never warranted in the prison context. There are many measures that could be implemented to address Plaintiff's present needs short of a transfer. Accordingly, the hearing will be limited solely to medical care and contact with Bent and Hart.

---

[1] The medical records show Plaintiff was seen for medical intake at 5p.m.. (Doc. 22-1 at 5). In a grievance attached to Plaintiff's complaint, he alleges the assault occurred between 6 and 7p.m.. (Doc. 6 at 27).

**Disposition**

**IT IS HEREBY ORDERED THAT** Plaintiff's Motion for a Preliminary Injunction (Doc. 2) will be set for a hearing. The date and time will be coordinated by separate order.

**IT IS SO ORDERED.**

Dated: June 20, 2024

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge