IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EAZS A. HARPER, B83567,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 24-cv-1157-DWD |
| **C/O HART,** ) | |
| **C/O BENT,** ) | |
| **NURSE MORGAN,** ) | |
| **ANTHONY WILLS,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Eazs A. Harper, an inmate of the Illinois Department of Corrections (IDOC), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center (Menard). (Doc. 6). In the Complaint and related Motion for a Preliminary Injunction (Doc. 2), Plaintiff alleges that on April 3, 2024, he was severely beaten by staff at Menard, and he claims he has yet to receive needed medical care. The Court allowed Plaintiff to proceed on several claims and directed the Defendants to respond to the Motion for a Preliminary Injunction. (Doc. 8). Defendants have now responded (Doc. 22), both sides have filed supplemental materials (Docs. 24, 45), and the Court has conducted an evidentiary hearing. Based on the available evidence, the Court now finds it appropriate to deny the Motion for a Preliminary Injunction or Temporary Restraining Order (Doc. 2) without prejudice.

## Background

The facts are more fully recounted in the Court's earlier Order (Doc. 8. Upon arrival at Menard on April 3, 2024, Plaintiff alleges that he was taken to a caged area where Defendants C/O Bent and C/O Hart handcuffed him to a gate and sprayed him with two cans of mace or chemical spray. They also kicked and punched his whole body. Plaintiff alleged that Defendant Morgan is a nurse who refused any medical care for his injuries. Although the Court dismissed claims against Defendant Anthony Wills for his personal role in the allegations, Wills remains a party to the case to address the injunctive relief because as Warden of Menard he is the appropriate party to implement any injunctive relief. (Doc. 8). The Court narrowed the scope of the Motion for a Preliminary Injunction (Doc. 2) to Plaintiff's need for medical care, and any risk posed by ongoing interactions with Defendants Hart and Bent. (Doc. 8). After receiving written submissions from both sides (Docs. 20, 22, 24), the Court scheduled a hearing (Doc. 24).

## July 17, 2024, Hearing

At the hearing, the Defendants presented testimony from Connie Dolce, the Director of Nursing at Menard. Ms. Dolce indicated, and records confirm, that Plaintiff was assessed by medical staff on June 21, 2024. (Doc. 45 at 10-12). The treating provider noted that Plaintiff was being seen for his self-reports of injuries he sustained on April 3, 2024. (Doc. 45 at 10). Plaintiff reported injuries to his mid-to-lower back, his left ring finger, his right middle finger, his right knee, and his scalp. The provider noted no visible injuries, swelling, baldness on the scalp, or other perceivable issues. (*Id.* at 10-12). Despite these findings, the provider recommended x-rays of the spine, hands, and knee

to rule out any issues that may not be visible. (Doc. 45 at 10). Dolce testified that per Plaintiff's medical chart he refused the x-rays on June 27, 2024.

Plaintiff countered that he was not offered x-rays, and that he would not have refused them. Plaintiff also testified that because months had lapsed from the date of injury until the date when he was medically examined, many of his injuries were no longer visible.

The parties and Court agreed at the hearing that Plaintiff would be offered an opportunity for x-rays within 30 days of the hearing, and that a notice and the results of the x-rays would be filed with the Court. (Doc. 33). On August 6, 2024, Defendants notified the Court (Doc. 42) that the x-rays had occurred, and on August 16, 2024, they filed the x-ray results. The results show no acute fractures or dislocations to any of the examined areas (both hands, right knee, thoracic spine). (Doc. 45-1 at 1-2).

## Analysis

To seek a preliminary injunction, a plaintiff must establish: a likelihood of success on the merits of his claim; no adequate remedy at law; and, irreparable harm without the injunctive relief. See *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). As for the first requirement, the Court must determine whether "plaintiff has any likelihood of success—in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). The Court must also decide whether an adequate remedy at law exists and whether the plaintiff will suffer irreparable harm without injunctive relief. Irreparable harm is harm which cannot be repaired. *Graham v. Med. Mut. Of Ohio*, 130 F.3d 293, 296 (7th Cir. 1998) ("Irreparable

harm is harm which cannot be repaired, retrieved, put down again, atoned for. The injury must be of a particular nature, so that compensation in money cannot atone for it."). The Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665.

An injunction that seeks an affirmative act by the respondent is a mandatory preliminary injunction and should be sparingly issued. *Mays*, 974 F.3d at 818. If injunctive relief is warranted, the Prison Litigation Reform Act provides that the injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

Here, the Court finds that there is no basis to grant preliminary injunctive relief because Plaintiff does not have any present injuries that have been substantiated by medical examinations. To the contrary, the medical examination and x-rays did not reveal any acute or underlying injuries that necessitate present treatment. The Court's primary concern in this matter has been Plaintiff's physical well-being, and the evidence simply does not support the notion that any relief needs to be granted to preserve the status quo while this case is litigated. Plaintiff contended at the hearing on the motion that because significant time passed from the date of the incident until the medical examinations, visible confirmation of his injuries had diminished. While this may be true

and while the lack of injury is confirmed by the medical assessment, the lack of visible or detectable injuries bolsters the notion that immediate temporary relief is not needed. On the other hand, it does not necessarily diminish Plaintiff's ability to further pursue the merits of his claims.

One final topic is worth mention. Plaintiff sought injunctive relief related to his ongoing placement in proximity to Defendants Hart and Bent. The parties disagreed about if Plaintiff was still near these two individuals in their written briefs submitted before the hearing. The Court's primary concern about this issue was that Plaintiff contended Bent and Hart were actively continuing to bar his access to medical care. Now that Plaintiff has attended multiple appointments and has undergone the x-rays, the concern about access to medical care has been alleviated and the concern about his proximity to Bent and Hart has been mitigated. Thus, the Court does not find injunctive relief related to Bent and Hart to be necessary at this time.

In sum, the Court finds that injunctive relief is not needed to preserve the status quo for this litigation.

## Disposition

**IT IS HEREBY ORDERED THAT** Plaintiff's Motion for a Preliminary Injunction (Doc. 2) is **DENIED without prejudice**.

**IT IS SO ORDERED.**

Dated: August 28, 2024

DAVID W. DUGAN
United States District Judge