IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EAZS A. HARPER, B83567, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-cv-1157-DWD |
| | ) |
| C/O HART, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Eazs A. Harper, an inmate of the Illinois Department of Corrections (IDOC), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center (Menard). (Doc. 6). Plaintiff's lawsuit concerns an alleged physical assault at Menard on April 3, 2024, and the deprivation of medical care following said assault. At the outset of this case, Plaintiff sought injunctive relief, and after conducting hearings and reviewing relevant medical evidence, Plaintiff's Motion was denied because he did not have a lasting physical injury that medical providers assessed as needing care. Plaintiff has now filed an amended complaint, and a new Motion for a Preliminary Injunction. (Doc. 55). For reasons explained in this Order, the Court will deny Plaintiff's latest motion for injunctive relief because it is largely unrelated to the operative claims in this lawsuit, but it will direct Defendants to provide limited information about the work schedule and proximity of Defendants Bent and Hart to Plaintiff.

## Background

The facts are more fully recounted in the Court's earlier Order (Doc. 8. Upon arrival at Menard on April 3, 2024, Plaintiff alleges that he was taken to a caged area where Defendants C/O Bent and C/O Hart handcuffed him to a gate and sprayed him with two cans of mace or chemical spray. They also kicked and punched his whole body. Plaintiff alleged that Defendant Morgan is a nurse who refused any medical care for his injuries. Plaintiff alleged that these acts were all taken in retaliation for a lawsuit he had pending when he arrived at Menard. Although the Court dismissed claims against Defendant Anthony Wills for his personal role in the allegations, Wills remains a party to the case to address the injunctive relief because as Warden of Menard he is the appropriate party to implement any injunctive relief. (Doc. 8).

Upon initial review of Plaintiff's underlying complaint, the Court designated the following claims:

> **Claim 1:** **Eighth Amendment excessive force claim against Defendants Bent and Hart for the events on April 3, 2024;**
>
> **Claim 2:** **Eighth Amendment deliberate indifference claim against Defendants Bent, Hart, and Morgan for depriving Plaintiff of medical care or at least the ability to wash the chemical agent off of his body after the events of April 3, 2024;**
>
> **Claim 3:** **Eighth Amendment cruel and unusual punishment claim against Defendant Bent for depriving Plaintiff of food, showers, and access to medical care and mail/grievances from April 3, 2024, to present;**
>
> **Claim 4:** **First Amendment retaliation claim against Defendants Hart and Bent for their actions against Plaintiff;**

  **Claim 6:**  State law assault and battery claim against Hart and Bent for the April 3, 2024, events.

(Doc. 8 at 9-10).

### Motion for a Preliminary Injunction (Doc. 55)

In the latest Motion, Plaintiff alleges that on November 12, 2024, Defendant Bent and another unknown C/O removed him from his cell and physically assaulted him. He alleges he was battered, and suffered a cut to the roof of his mouth when a third unknown individual shoved a metal flashlight into his mouth. He claims that during this incident, threats were made related to this lawsuit. He further alleges that in relation to this lawsuit he has been deprived of many necessities, including medications, food, medical treatment, and access to the grievance process or courts. Plaintiff also alleges that on a November 16, 2024, Defendant Hart visited his cell and threatened to kill him if he did not drop this lawsuit.

### Analysis

To seek a preliminary injunction, a plaintiff must establish: a likelihood of success on the merits of his claim; no adequate remedy at law; and, irreparable harm without the injunctive relief. *See Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). As for the first requirement, the Court must determine whether "plaintiff has any likelihood of success—in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). The Court must also decide whether an adequate remedy at law exists and whether the plaintiff will suffer irreparable harm without injunctive relief. Irreparable harm is harm which cannot be repaired. *Graham v. Med. Mut. Of Ohio*, 130 F.3d 293, 296 (7th Cir. 1998) ("Irreparable

harm is harm which cannot be repaired, retrieved, put down again, atoned for. The injury must be of a particular nature, so that compensation in money cannot atone for it."). The Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665.

An injunction that seeks an affirmative act by the respondent is a mandatory preliminary injunction and should be sparingly issued. *Mays*, 974 F.3d at 818. If injunctive relief is warranted, the Prison Litigation Reform Act provides that the injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Injunctive relief must be related to issues in the underlying lawsuit. *See e.g.*, *Tatum v. Hunter*, Case No. 22-2411 (S.D. Ill. 2023) (Doc. 16) (denying injunctive relief, including a request for a transfer, where the injunctive relief sought was not narrowly tailored and did not align with the claims in the case) *aff'd in Tatum v. Hunter*, Case No. 23-2253 (7th Cir. May 16, 2024); *Daniels v. Dumsdorff, et al.*, Case No. 19-cv-394 (S.D. Ill. 2019).

Here, the Court finds that there is no basis to grant preliminary injunctive relief because Plaintiff's new allegations are now reaching beyond the bounds of the operative claims in this case. Plaintiff now alleges a new and distinct incident of assault on November 12, 2024, and he identifies threats and problems with staff that reach beyond

the bounds of his initial claims. At most, he has a claim in the underlying suit against Defendant Bent for depriving him of things like food and water, but in this latest motion he does not specifically associate problems of this same nature with Bent. Instead, he now alleges that Hart is responsible for delivering food five days a week. The Court also notes that the present lawsuit is premised on alleged retaliation for a lawsuit that Plaintiff had already filed at the time he was transferred to Menard in April of 2024, whereas the new allegations concern potential retaliation for *this* lawsuit. Given the distinctions, the Court does not find it appropriate to further entertain injunctive relief about new developments in this lawsuit.

If Plaintiff wishes to further pursue these new issues, he may do so by filing a separate lawsuit. He should be aware that before filing new litigation about new instances of retaliation or harm, he must earnestly attempt to use the prison grievance procedure to address his issues. He claims that he has had problems accessing this procedure, yet his exhibits in this case show that he submitted a grievance in April of 2024, and even thought it was denied emergency status, it was fully exhausted by July of 2024. These strongly suggests that if Plaintiff attempted to use the grievance procedure he may gain traction. If he files a lawsuit before he exhausts his claims, it will eventually be subject to dismissal, and he will still be required to pay the full filing fee.

Finally, given the allegations of violence and death threats allegedly undertaken by defendants Bent and Hart, both defendants to this lawsuit, the Court finds it appropriate to direct Warden Anthony Wills and his counsel to provide the Court with records to demonstrate Hart and Bent's work assignments relative to Plaintiff's cell

assignment for the past 30 days, and to provide notice if these individuals continue to work in proximity to Plaintiff for the next 30 days, through December 22, 2024.

## Disposition

**IT IS HEREBY ORDERED THAT** Plaintiff's Motion for a Preliminary Injunction (Doc. 55) is **DENIED without prejudice** because the bulk of the allegations are not related to operative claims in this case. However, Warden Wills and counsel are **DIRECTED** to provide the Court with records sufficient to demonstrate Defendants Bent and Hart's work assignments relative to Plaintiff's housing assignment from October 23, 2024, to present. Additionally, they are to notify the Court if Hart or Bent will be in proximity to Plaintiff through December 22, 2024.

**IT IS SO ORDERED.**

Dated: November 22, 2024

DAVID W. DUGAN
United States District Judge