IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EAZS A. HARPER, B83567, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-cv-1157-DWD |
| | ) |
| ZACHARY HART, | ) |
| QUINTON BENT, | ) |
| MORGAN GIACOMO, | ) |
| ANTHONY WILLS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Eazs A. Harper, an inmate of the Illinois Department of Corrections (IDOC) housed at Menard Correctional Center (Menard), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his rights. (Doc. 1). Plaintiff's allegations concern an alleged assault upon his arrival at Menard in April of 2024, retaliation, and a lack of medical care for his injuries. Most recently, Plaintiff submitted multiple motions seeking leave to file an amended complaint, but his amended pleading and exhibits strongly suggested Plaintiff had not exhausted his administrative remedies prior to filing this lawsuit. As such, the Court issued a show cause order directing Plaintiff to address this defect. Plaintiff has now responded. (Doc. 53). The Court finds Plaintiff's responsive assertions sufficient for this case to at least proceed beyond initial review. In this Order, the Court will modify the previously designated claims to

incorporate additions from the amended complaint, it will direct service on new parties, and it will modify the existing Scheduling Order (Doc. 47) for existing parties.

Plaintiff's Motions (Docs. 48, 50) which contain Plaintiff's Amended Complaint are now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Background

Upon initial review of Plaintiff's underlying complaint, the Court designated the following claims:

> **Claim 1:** **Eighth Amendment excessive force claim against Defendants Bent and Hart for the events on April 3, 2024;**
>
> **Claim 2:** **Eighth Amendment deliberate indifference claim against Defendants Bent, Hart, and Morgan for depriving Plaintiff of medical care or at least the ability to wash the chemical agent off of his body after the events of April 3, 2024;**
>
> **Claim 3:** **Eighth Amendment cruel and unusual punishment claim against Defendant Bent for depriving Plaintiff of food, showers, and access to medical care and mail/grievances from April 3, 2024, to present;**
>
> **Claim 4:** **First Amendment retaliation claim against Defendants Hart and Bent for their actions against Plaintiff;**

  **Claim 6:**  State law assault and battery claim against Hart and Bent for the April 3, 2024, events.

(Doc. 8 at 9-10).

## Amended Complaint

Plaintiff's first Motion to Amend (Doc. 48) contains a brief introduction explaining that he has identified additional parties who were present and/or participated on the day of his alleged assault by Defendants Bent and Hart. (Doc. 48 at 1-2). The Motion is also accompanied by the Court's civil rights complaint template form with basic information about Plaintiff's litigation history and use of the grievance procedure. Plaintiff also attached grievance documents that he indicates demonstrate exhaustion of his administrative remedies. (Doc. 48-1 at 4-5, Doc. 48-2 at 1-6). The grievance submitted was prepared by Plaintiff on April 4, 2024, and contained allegations that Defendants Bent and Hart assaulted him on April 3, 2024, threatened him about a pre-existing lawsuit, sprayed him with mace, placed him in a cell naked with no running water or clothing, and refused him medical care. (Doc. 48-2 at 1-2). On April 10, 2024, the grievance was denied emergency status, and the next day a counselor responded that Intel and IA found the incident to be unsubstantiated. (Doc. 48-2 at 1). The grievance was forwarded to the grievance officer for second level appeal on April 25, 2024, and the grievance officer responded on May 9, 2024. (Doc. 48-2 at 3-5). On June 3, 2024, the Chief Administrative Officer concurred with the grievance officer's finding (Doc. 48-2 at 4), and

on June 10, 2024, Plaintiff appealed (*Id.*). On July 8, 2024, the Administrative Review Board denied the grievance as appropriately addressed at the prison. (Doc. 48-2 at 6).

Plaintiff's substantive proposed amended complaint contains claims against eight new defendants. (Doc. 50). The significant additions apply to existing Claims 1 and 2—the allegations of excessive force by Bent and Hart, and the denial of medical care by Bent, Hart and Nurse Morgan Giacomo. Specifically, Plaintiff now alleges that on April 3, 2024, upon his arrival to Menard Defendants C/O Koronado, C/O Koronado, C/O Huston, C/O Hagein, C/O Kitchen, C/O Garcia, C/O Knight, and Sgt. Leposky[1] were all present as Hart and Bent took him to a holding area for a strip search. Bent and Hart asked if Plaintiff was the individual that Koronado and Garcia were talking about who had filed a lawsuit against brother and cousin Lance Koronado. (Doc. 50 at 9).

Plaintiff alleges that after Bent and Hart handcuffed and maced him, then Defendants C/O Koronado, C/O Koronado, C/O Garcia, and C/O Knight all participated in beating him. (Doc. 50 at 9). He claims he sustained severe injuries to his face. He was then yanked off of the ground by C/Os Bent, Hart, Garcia, Kitchen, Koronado, Koronado, Knight, Huston, and Hagein and they continued to batter his whole body. (Doc. 50 at 10). Plaintiff informed all of the Defendants, including Defendants Morgan Giacomo and Leposky that he was asthmatic and had bronchitis and could not breath. He was also yelling out in pain and asking for medical care as Defendants Bent and Hart escorted him to a cell. (Doc. 50 at 10). He faults all defendants,

---

[1] In the Amended Complaint (Doc. 50), Plaintiff referred to Leposky as a "John Doe Sergeant," but with his response to the show cause order, he included a Motion to Supplement, wherein he asks to replace John Doe Sergeant with Sergeant Leposky.

including the eight new defendants, for leaving him in the cell naked, bleeding, covered in mace, and without any medical treatment.

His allegations then resume consistent with his original complaint, explaining that Bent and his girlfriend Nurse Morgan Giacomo continued to refuse him care throughout April of 2024 and through June of 2024.  He faults Warden Anthony Wills for denying him medical treatment "even after he seen" that Plaintiff was assaulted.  (Doc. 50 at 12).  In a section labeled "claims for relief," Plaintiff argues that Defendant Wills has failed to take any disciplinary action to punish or curb physical abuse by correctional officers.  He claims this is a violation of Administrative Directives, his Eighth Amendment rights, and that it constitutes assault and battery under state law.  (Doc. 50 at 13).  He faults all defendants for failing to follow internal prison regulations and rules.  (Doc. 50 at 14).

Plaintiff seeks purely monetary damages.  (Doc. 50 at 14-15).

Based on the allegations in the Amended Complaint, the Court will modify previously designated Claims 1 and 2 as indicated by the <u>underlined portions</u>:

**Claim 1:** **Eighth Amendment excessive force <u>or failure to intervene</u> claim against Defendants Bent, Hart, <u>C/O Koronado, C/O Koronado, C/O Huston, C/O Hagein, C/O Kitchen, C/O Garcia, C/O Knight, and Sgt. Leposky</u> for the events on April 3, 2024;**

**Claim 2:** **Eighth Amendment deliberate indifference claim against Defendants Bent, Hart, Morgan, <u>C/O Koronado, C/O Koronado, C/O Huston, C/O Hagein, C/O Kitchen, C/O Garcia, C/O Knight, and Sgt. Leposky</u> for depriving Plaintiff of medical care or at least the ability to wash the chemical agent off of his body after the events of April 3, 2024;**

The parties and the Court will use this designation in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## Analysis

As an initial matter, the Court notes that on November 7, 2024, it issued an Order to Show Cause, directing Plaintiff to explain why he should be allowed to proceed in this lawsuit, which was filed on April 30, 2024, when his exhibits show his grievance was not exhausted until July 8, 2024. (Doc. 52). Plaintiff argues in response that he attempted to submit multiple grievances after the April 3, 2024, incident, but witnessed grievances and requests for medical care being discarded by prison staff. (Doc. 53). He alleges that ultimately, he was only able to submit the April 4, 2024, grievance that was eventually exhausted on July 8, 2024, by giving it to an inmate in a neighboring cell for submission on his behalf. He further alleges he had not heard anything about that grievance or its status until after he submitted his complaint in this case and received Defendants' response to his Motion for a Preliminary Injunction. Thus, he claims, at the time he filed the case he was under the impression the grievance process was a dead-end for him, and given his perceived threat to his physical safety, he believed resorting to litigation was his only option. While this explanation may not ultimately carry the day during motion practice or a hearing on the issue of exhaustion of administrative remedies, the Court

finds this explanation is at least substantive enough to suggest a reason why Plaintiff sued before learning the outcome of the grievance process. The Court is convinced that it is appropriate for the case to proceed beyond initial review so that the parties may address this issue in greater depth via motion practice.

Plaintiff's new allegations in Claims 1 and 2 are sufficient to proceed beyond initial review against the newly added Defendants-- C/O Koronado, C/O Koronado, C/O Huston, C/O Hagein, C/O Kitchen, C/O Garcia, C/O Knight, and Sgt. Leposky. Plaintiff alleges that all of these individuals were present during and witnessed or participated the alleged assault against him on April 3, 2024, and they denied him medical care after the fact.

The existing Defendants have moved (Doc. 54) to stay the Scheduling Order, which currently requires them to file a dispositive motion on the exhaustion of administrative remedies by December 6, 2024. The Court finds that this request is appropriate, because it will now issue service on eight new defendants. Thus, the Motion (Doc. 54) will be **GRANTED**, and the Defendants' dispositive motion deadline shall be extended to March 1, 2024. This should allow ample time for the newly added defendants to be served, to answer, and to prepare a motion on exhaustion.

## Disposition

Plaintiff's Motions to Amend (Docs. 48, 50) are **GRANTED**. Document 50 shall serve as the Amended Complaint, and the Clerk of Court is **DIRECTED** to re-label Document 50 as "Amended Complaint."

**IT IS HEREBY ORDERED THAT Claims 1 and 2** of the Amended Complaint (Doc. 50) survives initial screening as described above against Defendants C/O Koronado, C/O Koronado, C/O Huston, C/O Hagein, C/O Kitchen, C/O Garcia, C/O Knight, and Sgt. Leposky. The previously designated Claims 1-4 and 6 against Defendants Hart, Bent, and Giacomo remain unchanged.

The Clerk of Court is **DIRECTED** to prepare for Defendants C/O Koronado, C/O Koronado, C/O Huston, C/O Hagein, C/O Kitchen, C/O Garcia, C/O Knight, and Sgt. Leposky: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 50), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. Fed. R. Civ. P. 41(b).

Defendants' Motion to Stay (Doc. 54) is **GRANTED**. Defendants' existing deadline of December 6, 2024, to file a motion on the exhaustion of administrative remedies is hereby **extended to March 1, 2024**.

**IT IS SO ORDERED.**

Dated: November 22, 2024 

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge