IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EAZS A. HARPER, B83567,          )
                                 )
                  Plaintiff,     )
                                 )
vs.                              )          Case No. 24-cv-1157-DWD
                                 )
C/O HART, et al.,                )
                                 )
                  Defendants.    )

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On January 30, 2025, the Court held a brief hearing on Plaintiff's Third Motion for a Preliminary Injunction or Temporary Restraining Order. The underlying lawsuit contains allegations that when Plaintiff arrived at Menard in April of 2024, the Defendants physically assaulted him in retaliation for a *prior* lawsuit that he had filed, and that they deprived him access to things like food, medical care, showers, and the grievance process. Since the filing of this lawsuit, Plaintiff alleges that these same Defendants have continued to retaliate against him and threaten him to make him withdraw this lawsuit. The Court has repeatedly advised that to the extent Plaintiff has *new* retaliation allegations about this lawsuit, as opposed to those about his *prior* lawsuit, he will need to address those allegations via the prison's grievance process before litigating those claims. The majority of the allegations in Plaintiff's Motion relate to new instances of retaliation, and from evidence submitted with Defendants' response to the Motion, it appears that Plaintiff is currently in the process of exhausting any such claims.

Against this backdrop, these issues raised in the Motion are not directly related to underlying claims in this lawsuit and cannot form a basis for immediate injunctive relief.

The sole exception for the Third Motion was Plaintiff's assertion that Defendant Bent has recently deprived him of food, showers, medical care, and grievances. This allegation aligns with a claim in this lawsuit, so the Court had the defendants respond on this issue and inquired further at the hearing. The Defendants' response established that Defendant Bent has been on leave since December 31, 2024. At the hearing, counsel indicated he believed that Bent was still on leave, and he did not have a definitive return date. Given that Bent is not currently working at the prison or in Plaintiff's cellhouse, there is no immediate harm. However, the Court will direct Defendants to update the Court within 24 hours of Defendant Bent's return to the prison, and to provide information about Bent's work assignment relative to Plaintiff's housing location. If there is a possibility that Bent will work near Plaintiff, the Court may re-set a future hearing.

## Disposition

**IT IS HEREBY ORDERED THAT** Plaintiff's Third Motion for a Preliminary Injunction/Temporary Restraining Order (Doc. 62) is **DENIED**. However, Defendants are **DIRECTED** to notify the Court **within 24 hours** of Defendant Bent's return to work at the prison, and to give information about if he will work in close proximity to Plaintiff.

**IT IS SO ORDERED.**

Dated: January 30, 2025                    /s *David W. Dugan*

                                           _____
                                           DAVID W. DUGAN
                                           United States District Judge